UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| ALISON K. DUNNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-00177-TWP-DML |
| | ) | |
| CHRISTOPHER A. THOMAS, and | ) | |
| WESTERN EXPRESS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' MOTION TO STRIKE EXPERT DISCLOSURES**

This matter is before the Court on a Motion to Strike Expert Disclosures filed by Defendants Christopher A. Thomas ("Thomas") and Western Express, Inc. (collectively, "Defendants") ([Filing No. 43](#)). Following a traffic accident that resulted in injury, Plaintiff Alison K. Dunning ("Dunning") initiated this lawsuit against the Defendants, bringing claims of negligence. The Defendants have asked the Court to strike Dr. David Brokaw ("Dr. Brokaw") as one of her expert witnesses because Dr. Brokaw is a Rule 35 examiner who was retained by the Defendants. For the following reasons, the Court **grants** the Defendants' Motion to Strike.

## I.    LEGAL STANDARD

The Federal Rules of Civil Procedure provide,

Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:

(i) as provided in Rule 35(b); or

(ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Fed. R. Civ. Pro. 26(b)(4)(D). In turn, Rule 35(b)—which concerns physical and mental examinations—provides,

> The party who moved for the examination must, on request, deliver to the requester a copy of the examiner's report, together with like reports of all earlier examinations of the same condition. The request may be made by the party against whom the examination order was issued or by the person examined.

Fed. R. Civ. Pro. 35(b). Under Rule 26(b)(4)(D), "a party may only discover information from [a consulting] expert if the party demonstrates that 'exceptional circumstances' exist." *CSX Transp., Inc. v. Chi. S. Shore & S. Bend R.R.*, 2015 U.S. Dist. LEXIS 13090, at *10 (N.D. Ind. Feb. 4, 2015).

"District judges enjoy broad discretion in settling discovery disputes and in delimiting the scope of discovery in a given case." *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 839 (7th Cir. 2014). The Seventh Circuit has noted that "[o]ur review of a district court's handling of a discovery matter is 'necessarily deferential' and we will only overturn if we find an abuse of discretion." *Id.* at 838.

## II.   DISCUSSION

On October 10, 2019, Dunning and her minor daughter were traveling on State Road 56 West near Hanover, Indiana, near the intersection of State Road 62. The intersection is controlled by both a flashing light and signage for optimal visibility. The road conditions were foggy, and when approaching the intersection, Dunning applied her brakes and swerved to the right in an attempt to avoid colliding with the Western Express tractor trailer driven by Thomas. Dunning alleges that, although Thomas was obligated to slow his vehicle to a crawl, he was driving too fast for the weather conditions and caused significant property damage to Dunning's vehicle, and Dunning and her minor daughter sustained serious personal injuries. Dunning suffered a fractured ankle, which required surgery.

Dunning filed a negligence lawsuit against the Defendants in state court on July 3, 2020, and the Defendants removed the action to federal court on August 14, 2020 (Filing No. 1). The parties then engaged in discovery.  The Defendants sought an independent medical examination of Dunning by Dr. Brokaw pursuant to Federal Rule of Civil Procedure 35 because the allegations include the physical condition of Dunning. That physical examination took place on June 8, 2021 (Filing No. 43-2 at 2). Pursuant to Rule 35(b)(1), Dunning made a request for a copy of the examination report, and the Defendants produced Dr. Brokaw's report on August 5, 2021, in advance of the parties' settlement conference (Filing No. 43-3 at 2, 24–32). The Defendants never disclosed Dr. Brokaw as a testifying expert at any time, but he was retained by the Defendants specifically for the purpose of the Rule 35 physical examination as well as in a consulting capacity in the case.

On August 16, 2021, Dunning filed her Rule 26 expert witness disclosures --as required by the case management plan--and her disclosure included Dr. Brokaw as an expert witness for Dunning even though the Defendants had retained Dr. Brokaw as the Rule 35 examiner and a consulting expert. Dunning designated Dr. Brokaw as a "treating physician" even though he was retained by the Defendants solely for the purpose of a Rule 35 examination, not to provide treatment and care to Dunning. She identified Dr. Brokaw as her expert witness without providing a CV or testifying history as required by Rule 26(a)(2)(B). The following day, on August 17, 2021, the Defendants moved to strike Dunning's expert designation of Dr. Brokaw from her expert witness disclosures (Filing No. 43).

The Defendants argue that Rule 35 does not say anything about the party subject to the exam being allowed to "call the examiner to testify at trial as an expert." *Downs v. River City Group, LLC*, 288 F.R.D. 507, 510 (D. Nev. 2013). They assert,

In *Downs*, defendant requested a Rule 35 exam of plaintiff, but did not disclose that expert as a testifying expert. However, defendant did "list [the] report as one of its exhibits." *Id.* at 509. Defendant sought to use the expert as a consulting expert. Plaintiff sought to depose this expert and include him in plaintiff's Supplemental Disclosure of Expert Witnesses. Defendant first argued plaintiff cannot depose defendants consulting, non-testifying expert because plaintiff cannot show "exceptional circumstances." *Id.* at 509. "Plaintiff argue[d] that 'exceptional circumstances' exist when a non-testifying expert's report will be used by a testifying expert as the basis for that expert's opinion. The Court found this argument still did not meet the high bar of exceptional circumstances. The court reasoned that plaintiff can accomplish want she sought to do by deposing the expert by "relying on the contents of [the expert's] report, which she has been provided." *Id.* at 513. The court further reasoned plaintiff did not need to depose this expert witness to support her case because she already has two experts testifying on the same subject. Here, Defendants do not even intend to introduce Dr. Brokaw's report as evidence in the case; additionally, Plaintiff already has identified Dr. Ronald Auer as an additional expert, and he is an orthopedist who has actually treated Plaintiff's ankle, meaning Plaintiff has anticipated testimony on the topic of ankle orthopedics. All of this means Plaintiff here has even less of a justification than seen in *Downs* for attempting to drag a consulting expert to testify in deposition or trial.

(Filing No. 43 at 6–7.)

The Defendants point to other decisions from districts court where the plaintiff was not permitted to call the defendant's Rule 35 examiner as the plaintiff's own expert witness. *See Lehan v. Ambassador Programs, Inc.*, 190 F.R.D. 670 (E.D. Wash. 2000) (plaintiff was not permitted to call the defendant's retained Rule 35 examiner to testify when the defendant was not going to disclose the examiner as his own witness and instead was only utilizing the examiner as a non-testifying or consulting expert); *Rawers v. United States*, 488 F. Supp. 3d 1059, 1084 n.29 (D.N.M. 2020) (Rule 35 requires sending the report to the examined party, but the Rule does not make the expert available to be called to testify at trial, "Rule 35 is limited to this reporting requirement; it does not allow a party to call the examiner as a witness at trial," the reporting requirement refers to Rule 35's requirement that the party examined be allowed to see the report to prepare for trial).

The Defendants assert that Dunning not only should be precluded from attempting to name Dr. Brokaw as her expert witness, but also, she does not have a right to depose Dr. Brokaw without a showing of exceptional circumstances because of Rule 26(b)(4)(D). The Defendants note that they have appropriately sought a Rule 35 examination and produced a copy of the report pursuant to Rule 35(b)(1). They never designated Dr. Brokaw as a testifying expert but have instead clearly explained their intent for Dr. Brokaw to serve only as a consulting expert pursuant to Rule 26(b)(4)(D). Thus, absent exceptional circumstances shown by Dunning, Dr. Brokaw need not sit for deposition or be called to testify at trial, meaning that Dunning's expert disclosure of Dr. Brokaw is flawed and inappropriate. Therefore, they argue, the Court should strike the disclosure.

In response, Dunning argues,

> FRCP 26(b)(4)(d) permits the discovery facts or opinions held by an expert who has been retained by a party in anticipation of litigation both "as provided by FRCP 35(b)" and "on showing of exceptional circumstances under which it is impractical for the party to obtain facts or opinions on the subject by other means." Though Plaintiff disputes that Dr. [Brokaw] at this point is a consulting expert, she has no other means to lay a necessary foundation for the introduction of the physician report produced besides calling Dr. [Brokaw] as a witness. As such, Plaintiff seeks to subpoena and depose Dr. [Brokaw] about the exam, the preparation of the report, and his opinions contained within the report. Furthermore, Plaintiff seeks to introduce the Dr. [Brokaw] report at trial.

(Filing No. 44 at 2.)

Dunning points to a 1981 decision from the Eastern District of Pennsylvania where the court allowed the plaintiff to subpoena a Rule 35 examining physician who had been retained by the defendant, and whom the defendant decided to not call as a witness at trial. The court there permitted the plaintiff to subpoena the physician as the only witness who could lay the necessary foundation for the introduction of the report, but testimony of the physician had to be limited to preparation of his report and the facts and opinions contained therein, and the plaintiff had to tender

the physician customary expert fee for trial testimony. *See Fitzpatrick v. Holiday Inns, Inc.*, 507 F. Supp. 979, 979–80 (E.D. Pa. 1981).

Dunning points to one other case to advance her position:

This same issue has been addressed in the Superior Court of Delaware, where the Court agreed with the *Fitzpatrick* Court and made a more expansive ruling in favor of the plaintiffs' ability to utilize the defendant's FRCP 35 expert. In *Winchester v. Hertrich*, the Court addressed the plaintiff's motion to compel the deposition of the defense's FRCP 35 expert. *Winchester v. Hertrich*, 658 A.2d 1016 (Del. Super. Ct. 1995). In *Winchester*, the basis of the defendant's objections were similar to the defendant's objections in this case and in *Fitzpatrick*. The defendants argued that the examining physician was retained by the defendants for the purpose of consulting only, and that he could not be compelled to testify for the plaintiffs. The defendants further argued that because the plaintiffs had their own expert to testify about the plaintiffs' injuries, the testimony of the defense expert is unnecessary. *Id.*

The Court was particularly persuaded by the unique relationship between FRCP 35 examining physician and examinee. It stated "The Court is mindful that most physicians performing most physical examinations of the opposing party develop firsthand knowledge. They form opinions based on their direct observations of the opposing party. Further, most "IME" doctors do not usually get as involved in an attorney's work product as other physicians or experts might. Nor are "IME" doctors normally to be hired as consultation-only experts." *Id.* Furthermore, the Court held that the plaintiffs would be entitled to call the defense's FRCP 35 expert and utilize his report. *Id.*

(Filing No. 44 at 3.)

Dunning concludes that, because there are no other means for her to lay the necessary foundation to introduce the report at trial, she should be permitted to depose Dr. Brokaw and then call him to testify at trial.

The Court is not persuaded by Dunning's argument and Defendants' position is well-taken. The forty-year-old, out-of-circuit case of *Fitzpatrick*, one of the two cases cited by Dunning, is not helpful. The judge in that case noted, "I recognize that the securing of expert testimony by subpoena is an unusual practice," *Fitzpatrick*, 507 F. Supp. at 979–80, and furthermore and importantly, the judge failed to discuss or analyze the impact of Rule 26(b)(4)(D) on the decision.

Moreover, Dunning is incorrect in her assertion that the court in *Winchester* held that the plaintiff would be entitled to call the defense's Rule 35 expert and utilize his report. The court there actually concluded that the plaintiff could not depose the non-testifying Rule 35 examiner. *Winchester*, 658 A.2d at 1022 ("since the plaintiff has not shown 'exceptional circumstances' and has not demonstrated how the interests of fairness compel his presence, this Court will not compel Dr. Sarin to attend and answer questions at either of the depositions plaintiff has noticed").

The *Winchester* court also explained,

> If the doctor is not to be called at the trial, discovery from him or her, except for the report furnished under Rule 35(b), can be had only upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

*Id.* at 1019 (quoting Wright & Miller, 8A Federal Practice and Procedure (2d Ed.), § 2237 at 509–10).

The Defendants' cited cases of *Downs*, *Lehan*, and *Rawers* are persuasive, and they recognize the balance between Rule 35(b) and Rule 26(b)(4)(D). Rule 26(b)(4)(D) does not allow discovery of a non-testifying expert except as provided in Rule 35(b) or in "exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." Rule 35(b) entitles a person who has been physically examined to request and receive the report of the examination. In this case, Dunning was examined by the Defendants' retained Rule 35 examiner, she requested the report of the examination, and she received a copy of the report. Thus, Rule 35(b) has been satisfied. And Dunning has not shown exceptional circumstances under which it is impracticable for her to obtain facts or opinions on the same subject by other means. There is no indication that she lacks an expert, that the Defendants have cornered readily available experts, or that other exceptional circumstances exist. Dunning has named an expert witness, and in fact, Dr. Brokaw simply examined Dunning's ankle, and Dunning

has designated her own treating physician who also has examined and treated Dunning's ankle. Exceptional circumstances do not exist in this case, and Rule 35(b) has been satisfied, so the Defendants' request to strike Dr. Brokaw from Dunning's expert witness disclosure is well-taken.

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Defendants' Motion to Strike Expert Disclosures (Filing No. 43). Dr. David Brokaw is **stricken** from Dunning's expert witness disclosure, and she may not call him as an expert witness at trial.

**SO ORDERED.**

Date:    10/19/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Kaitlin Coons Astorino
ISAACS & ISAACS PSC
kaitlin@isaacsandisaacs.com

Carolyn C. Ely
ISAACS & ISAACS PSC
ely@isaacsandisaacs.com

Scott A. Weathers
ISAACS & ISAACS PSC
scott.weathers@isaacsandisaacs.com

Andrew F. Marquis
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
amarquis@scopelitis.com

Peter Raymond Wickard
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
pwickard@scopelitis.com